# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| RAYMUNDO ALBERTO FUENMAYOR PEROZO, an individual; BERENICE SOTELO GODOY, an individual; MATTEO FUENMAYOR SOTELO, and DANNA PAOLA FUENMAYOR SOTELO, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services; KRISTI NOEM, Secretary of U.S. Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States; and JASON A. REDING QUIÑONES, United States Attorney for the Southern District of Florida<br>Defendants. | Case No.: |

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Plaintiffs, Raymundo Alberto Fuenmayor Perozo ("Raymundo"), Berenice Sotelo Godoy ("Berenice"), Matteo Fuenmayor Sotelo ("Matteo"), and Danna Paola Fuenmayor Sotelo ("Danna") (collectively, "Plaintiffs"), through undersigned counsel, hereby sue Defendants Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services ("Edlow"); Kristi Noem, Secretary of U.S. Department of Homeland Security ("Noem"); Pamela Bondi, Attorney General of the United States ("Bondi"); and Jason A. Reding Quiñones, United States Attorney for the Southern District of Florida ("Reding") (collectively, "Defendants"), and allege as follows:

## PRELIMINARY STATEMENT

1. This is an action to compel Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a decision on the pending Forms I-765, Application for Employment Authorization and I-131, Application for Travel Document (Advance Parole), that were properly and concurrently filed by the Plaintiffs and received by U.S. Citizenship and Immigration Services ("USCIS") on **April 30, 2025**. Plaintiffs have yet to receive a decision on their pending petitions, and USCIS online tools do not allow for follow-up as they should since USCIS published processing times reveal that Plaintiffs' applications should have been already adjudicated. At the time of filing the petitions subject to this action (*i.e.*, 2025), the median processing time published by USCIS on its website for Form I-765 is **2.8 months** whereas the median processing time for Form I-1131 is **6 months**. *See* USCIS Historical National Median Processing Time for all USCIS Offices for Select Forms by Fiscal Year, available at https://egov.uscis.gov/processing-times/historic-pt (last visited December 1, 2025). Thus, Plaintiffs I-765s have been pending for almost 4 months beyond normal processing times whereas Plaintiffs I-131s have been pending for almost 2 months beyond normal processing times. Moreover, according to USCIS published data, the adjudication time for a Form I-765 is about **12 minutes** while a form I-131 takes approximately **15 minutes** to process as noted in 84 FR 62292. These unexplained delays are egregious and unreasonable, and Plaintiffs respectfully request that this Court compel Defendants to perform their mandatory duty and issue a decision on their long-pending petitions without further delay.

## JURISDICTION

2. This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his

duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA") as well as the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because issuing a decision on a Form I-1765 or a Form I-131 is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this Complaint, Plaintiffs are not challenging a decision on their petitions, as no decision has yet been made. Rather, Plaintiffs seek an order compelling Defendants to take action and render a decision. The relief sought is not discretionary but is, by definition, a

mandatory duty.  *See Matter of Sealed Case*¸ 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

5.     The APA also requires USCIS to carry out its duties within a reasonable time.  5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it").  If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so.  5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed").  As set forth below, the delay in rendering a decision on Plaintiffs' petition/application is unreasonable.

6.     Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's Form I-765, Application for Employment Authorization and Form I-131, Application for Travel Document (Advance Parole) to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA.  *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970).  *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

## **VENUE**

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(C), because the Plaintiffs reside in the City of Doral, Miami-Dade County, within this federal judicial district.

## PARTIES

8.  Plaintiff Raymundo Alberto Fuenmayor Perozo is a citizen of Venezuela who resides in Doral, Florida. Mr. Fuenmayor is the Applicant on a Form I-765, Application for Employment Authorization (USCIS Receipt # WAC2590135434) and on a Form I-131, Application for Travel Document (Advance Parole) (USCIS Receipt # WAC2590135435) both of which were filed with USCIS on April 30, 2025.

9.  Plaintiff Berenice Sotelo Godoy is a citizen of Mexico who resides in Doral, Florida. Ms. Sotelo is the Applicant on a Form I-765, Application for Employment Authorization (USCIS Receipt # WAC2590135425) and on a Form I-131, Application for Travel Document (Advance Parole) (USCIS Receipt # WAC2590135426) both of which were filed with USCIS on April 30, 2025.

10. Plaintiff Matteo Fuenmayor Sotelo is a citizen of Mexico who resides in Doral, Florida. Mr. Fuenmayor is the Applicant on a Form I-765, Application for Employment Authorization (USCIS Receipt # WAC2590135431) and on a Form I-131, Application for Travel Document (Advance Parole) (USCIS Receipt # WAC2590135432) both of which were filed with USCIS on April 30, 2025.

11. Plaintiff Danna Paola Fuenmayor Sotelo is a citizen of Mexico who resides in Doral, Florida. Ms. Fuenmayor is the Applicant on a Form I-765, Application for Employment Authorization (USCIS Receipt # WAC2590135428) and on a Form I-131, Application for Travel Document (Advance Parole) (USCIS Receipt # WAC2590135429) both of which were filed with USCIS on April 30, 2025.

12. Defendant Joseph B. Edlow is the Director of USCIS. This suit is brought against Director Edlow in his official capacity, as USCIS is the component of the DHS responsible for

adjudicating Form I-1765, Application for Employment Authorization, and Form I-131, Application for Travel Document (Advance Parole).

13. Defendant Kristi Noem is the Secretary of Homeland Security. This suit is brought against Secretary Noem in her official capacity, as she is charged with overseeing the actions of DHS, including determinations on Form I-1765, Application for Employment Authorization, and Form I-131, Application for Travel Document (Advance Parole).

14. Defendant Pamela Bondi is the U.S. Attorney General. This suit is brought against Attorney General Bondi in her official capacity and only as a nominal defendant.

15. Defendant Jason A. Reding Quiñones is the United States Attorney for the Southern District of Florida. This suit is brought against U.S. Attorney Reding in his official capacity and only as a nominal defendant.

## FACTS AND PROCEDURAL HISTORY

16. On April 30, 2025 Plaintiffs concurrently filed Forms I-765 and I-131 in connection with their concurrently filed application for permanent resident status under the EB-5 program.

17. The last action on Plaintiffs' Forms I-765 and I-131 were taken on June 10, 2025 when USCIS applied the fingerprints taken of each of the Plaintiffs.

## FIRST CAUSE OF ACTION
(Plaintiffs' Form I-765)

18. Plaintiffs re-allege and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-17 above.

19. Plaintiffs' Form I-1765, Application for Employment Authorization has been pending for almost 8 months, which amounts to 5 months beyond median processing times and beyond Congress's preferred 180-day adjudication timeline. *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not

later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

20. Plaintiffs have been unable to submit inquiries to the relevant USCIS authorities through USCIS's online tools.

21. Plaintiffs are understandably eager to receive a decision on their Form I-765 applications. The delay in adjudication impacts Plaintiffs' ability to obtain gainful employment, apply for a social security number, obtain affordable health insurance, renew Florida's driver licenses, and attend school.

22. Consequently, Plaintiffs seek to compel Defendants to make a decision on his long-pending I-765 forms without further unreasonable delay. The relief sought is not discretionary, but mandatory for applicants with an adjustment of status to lawful permanent resident status, *see Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiffs do not have any alternative means to obtain a decision on their applications and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

23. Plaintiffs have met all filing requirements for their Forms I-765 applications. They filed in a timely manner, paid the appropriate fees, and appeared for their scheduled biometrics appointments. Nonetheless, due to the continued delay of Defendants, Plaintiffs have had to wait

almost 8 months and counting for a decision on their applications. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

24. As all administrative remedies have now been exhausted, and Plaintiffs and are suffering continuing harm due to the Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint. Accordingly, Plaintiffs respectfully urge this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on their Form I-765, Application for Employment Authorization.

**SECOND CAUSE OF ACTION**
**(Plaintiffs Form I-131)**

25. Plaintiffs re-allege and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-17 above.

26. Plaintiffs Form I-131 Application for Travel Document (Advance Parole) have been pending for almost 8 months, which amounts to over 2 months beyond median processing times and beyond Congress's preferred 180-day adjudication timeline. *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

27. Plaintiffs have been unable to submit inquiries to the relevant USCIS authorities through USCIS's online tools.

28. Plaintiffs are understandably eager to receive a decision on their Form I-131 applications. The delay in adjudication impacts Plaintiffs' ability to travel freely in and out of the United States.

29. Consequently, Plaintiffs seek to compel Defendants to make a decision on their pending I-131 applications without further unreasonable delay. The relief sought is not discretionary, but mandatory for applicants with an adjustment of status to lawful permanent resident status, *see Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiffs do not have any alternative means to obtain a decision on their applications and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

30. Plaintiffs have met all filing requirements for their Forms I-131 applications. They filed in a timely manner, paid the appropriate filing fees, and appeared for their scheduled biometrics appointments. Nonetheless, due to the continued delay of Defendants, Plaintiffs have had to wait almost 8 months and counting for a decision on their applications. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

31. As all administrative remedies have now been exhausted, and Plaintiffs are suffering continuing harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint. Accordingly, Plaintiffs respectfully urge this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on their Form I-131, Application for Travel Document (Advance Parole).

## CLAIMS

32. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005). Plaintiffs meet these criteria.

33. *First*, Plaintiffs have a clear right to the relief requested, as they have fully complied with all the statutory and regulatory requirements for filing Forms I-765 and I-131 applications, including the submission of all necessary initial documentation and the payment of all required fees. Defendants have willfully and unreasonably failed to make a decision or provide any information about the status of the petition other than that it is on extended review. Defendants are required by regulation to make a decision on Plaintiffs' petition/application. *See* 8 C.F.R. § 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision ...."). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (emphasis added).

34. *Second*, Defendants have a clear duty to act upon and make a decision on Plaintiffs' I-130 and I-485 petition/application. This duty is owed under the INA and the federal regulations and, by charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the application. *See* INA § 286(m); 8 C.F.R. § 103.7(b)(1). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d

1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

35. Although there is no statutory deadline for rendering a decision on a Form I-765 and I-131 applications, there is a nondiscretionary duty to take such action within a reasonable period of time. *See* 5 U.S.C. §§ 555(b), 706(1). Defendants have failed to perform this duty and have, in fact, far exceeded their own estimated processing times.

36. *Third*, the Court should compel Defendants to issue a decision on Plaintiffs' long-pending petition/application, because no other adequate remedy is available to Plaintiffs. Defendants have inexplicably and unreasonably failed to perform their clear duty to act. Despite Plaintiffs' filing of all necessary documentation, payment of all required fees, and submission of inquiries, no decision or explanation for the continued delay has been issued. Plaintiffs have now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

37. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same).

38. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in making a

decision on Plaintiffs' petitions extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

39. As Defendants have failed to carry out their mandatory duty to make a decision on Plaintiffs' Forms I-765 and I-131 applications, and have unreasonably delayed action for almost 8 months without stated justification, and as Plaintiffs have exhausted all available administrative remedies, this Court should instruct Defendants to make a decision on Plaintiffs' applications without further unreasonable delay. *See* 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

40. Defendants' delay is without justification and has forced Plaintiffs to resort to this Court for relief, and Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## PRAYER

**WHEREFORE**, Plaintiffs pray that this Court:

1. Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;

2. Compel Defendants and those acting under them to perform their duty to render a decision on Plaintiffs' Forms I-765 and I-131 applications on or before 60 days from the filing of this Complaint, or within a reasonable period of time determined by this Court;

3. Retain jurisdiction during the adjudication of the I-1765 and I-131 applications in order to ensure compliance with the Court's orders;

4. Grant reasonable attorney's fees and costs to Plaintiffs under the Equal Access to Justice Act; and

5. Grant such other and further relief as this Court deems appropriate under the circumstances.

Dated: December 1, 2025

Respectfully submitted,

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
1200 Brickell Avenue, Suite 700
Miami, Florida 33131
E-mail: rodrigo@rdasilvalaw.com
Telephone:	(305) 615-1434
Facsimile:	(305) 615-1435

By: /s/ *Rodrigo S. Da Silva*
Rodrigo S. Da Silva, Esq.
*Counsel for Plaintiffs Raymundo Alberto Fuenmayor Perozo, Berenice Sotelo Godoy, Matteo Fuenmayor Sotelo and Danna Paola Fuenmayor Sotelo*