UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-25607-JB

RAYMUNDO ALBERTO FUENMAYOR
PEROZO, an individual; BERENICE
SOTELO GODOY, an individual; MATTEO
FUENMAYOR SOTELO, and DANNA
PAOLA FUENMAYOR SOTELO, an individual

    Plaintiffs,

v.

JOSEPH B. EDLOW, Director of U.S.
Citizenship and Immigration Services; KRISTI
NOEM, Secretary of U.S. Department of
Homeland Security, U.S. DEPARTMENT OF
HOMELAND SECURITY; PAMELA BONDI,
Attorney General of the United States; and
JASON A. REDING QUIÑONES, United States
Attorney for the Southern District of Florida

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS**

Defendants by and through the undersigned Assistant United States Attorney, hereby file its Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus ("Motion to Dismiss") and state in support thereof as follows:

**I.      INTRODUCTION**

Plaintiffs' response in opposition to Defendants' Motion to Dismiss [DE 25] does not effectively rebut that the hold placed by U.S. Citizenship and Immigration Service's ("USCIS") Policy Memoranda (PM-602-0192 and PM-602-0194) is lawful and temporary in nature. Plaintiffs also fail to dispute there is no statutory timeframe in which the pending Immigration Benefit Applications[1] must be adjudicated or that the delay in adjudication has been unreasonable; thus barring relief under the Mandamus Act and Administrative Procedure Act ("APA"). Moreso, Plaintiffs do not overcome the jurisdictional bars precluding review of their claims in light of the authority vested in the political branches to manage the immigration system and ensure national security. Accordingly, the Motion to Dismiss Plaintiffs' Amended Complaint should be granted.

**II.     ARGUMENT**

First, Plaintiffs argue that Defendants fail to dispute three out of four Plaintiffs are Mexican Citizens and not subject to the hold imposed by the Policy Memoranda. [DE 25, p. 6]. As noted in Defendants' Motion to Dismiss Plaintiff, Raymundo Alberto Fuenmayor Perozo ("Fuenmayor Perozo") who is a citizen and national of Venezuela – one of the countries listed in Presidential Proclamations 10949 and 10998 is the principal petitioner in this matter. *See* [DE 23-2, Presidential Proclamation 10949; DE 23-4, Presidential Proclamation 10998]. Fuenmayor Perozo is the principal petitioner as it relates to the I-526E petition and because he is subject to the USCIS hold, in turn, the Mexican Plaintiffs' Form I-485s cannot be adjudicated until the hold is lifted. As derivative beneficiaries, the Mexican Plaintiffs' Form I-485s can only be adjudicated upon the approval of Fuenmayor Perozo's I-526E application. Plaintiffs' response to the Motion to Dismiss

---

[1] The following applications are pending: Form I-526E (Immigrant Petition by Regional Center Investor); Form I-485 (Application to Register Permanent Residence or Adjust Status); Form I-765 (Application for Employment Authorization); and Form I-131 (Application for Travel Documents, Parole Documents, and Arrival/Departure Records).

2

acknowledged this to be correct when stating Form I-485 "cannot be adjudicated until Fuenmayor's I-526E is adjudicated by USCIS." *See* [DE 25, p. 7].

Plaintiffs' reliance on USCIS' historical median processing times[2] is not persuasive with respect to Form I-765, Form I-131, and Form I-485. None of these processing times are an absolute measure of how long an individual case will take to be completely adjudicated as noted by USCIS' processing times webpage[3](which is distinct from the webpage provided by Plaintiffs). Consistent with the fact every plaintiff's case is unique, the Policy Memoranda creates an additional layer of review as it pertains to the Immigration Benefit Applications for the Plaintiffs in this case.

Plaintiffs' reference to 8 U.S.C. § 1571 as establishing a timetable for adjudication of the Immigration Benefit Applications is unavailing. Defendants argued in the Motion to Dismiss, Congress' sense that "an immigration benefit application should be completed not later than 180 days after the initial filing of the application" is aspirational. *See Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1286 (S.D. Fla. Jan. 9, 2023)[4](stating that "in this Circuit, 'should' is not 'must'" when discussing 8 U.S.C. § 1571 in the context of a I-526 petition).

In discussing Plaintiff, Fuenmayor Perozo's I-526E petition, Defendants cited to numerous cases in which motions to dismiss were granted pertaining to I-526 petitions where delays between

---

[2] When reviewing the link provided by Plaintiffs: https://egov.uscis.gov/processing-times/historic-pt (last visited March 3, 2026), it is also stated on this website that "[h]istorical processing times are not comparable to the processing times posted on the USCIS processing times webpage (https://egov.uscis.gov/processing-times/) for certain form types due to different methodologies.
[3] *See* https://egov.uscis.gov/processing-times/ (last visited March 3, 2026). When selecting from the "Form" drop down menu each application at issue in this matter regardless of field office or service center selected, the following is stated: "[w]e generally process cases in the order we receive them. This processing time is based on how long it took us to complete 80% of adjudicated cases over the past six months. Each case is unique, and some cases may take longer than others. Processing times should be used as a reference point, not an absolute measure of how long your case will take to be completed."
[4] Plaintiffs included a footnote in their response to the Motion to Dismiss stating that the undersigned miscited this decision as being issued by the Eleventh Circuit. *See* [DE 25, p. 7 n. 2]. The error was inadvertent, and the undersigned apologizes to the Court regarding same. Nonetheless, the proposition for which the undersigned cited to the decision remains correct.

3

27.5-37 months were found to be reasonable. *See* [DE 23, p. 7]. Plaintiffs argued that citing to these cases is "intellectually dishonest" as they concern the I-526 EB-5 petition which is different from Plaintiff, Fuenmayor Perozo's I-526E petition, and the cases also precede the EB-5 Reform and Integrity Act of 2022 ("RIA"). *See* [DE 25, p. 8]. However, the delay in processing times as discussed in these pre-RIA cases is not so distinguishable from the processing times that may occur in EB-5 investments for Rural Targeted Employment Areas ("Rural TEA") – the kind of investment Plaintiff, Fuenmayor Perozo made for purposes of the I-526E petition.

The current processing times for an I-526E is approximately 20 months according to USCIS' processing times webpage[5]. Plaintiff, Fuenmayor Perozo filed his I-526E application on or about April 30, 2025, [DE 25, p. 7], and 20 months from that date is approximately January 2027. The websites cited to by Plaintiffs suggest I-526E approvals occur in just under 12 months, but these same websites are from prospective regional centers looking to entice investors and not official government websites. *See* [DE 25, p. 8]. Nevertheless, one of the non-governmental websites cited to by Plaintiffs clearly indicated that the processing time for a rural investment can be potentially two to three years[6].

Plaintiffs further assert that pursuant to 8 U.S.C. § 1153(b)(5)(ii)(I) EB-5 investments in Rural TEA are prioritized. *Id.* Section 1153(b)(5)(ii)(I) only states that it "shall prioritize the processing and adjudication of petitions from rural areas"; but this does not exempt the agency from abiding by executive orders or administrative instruction to conduct necessary background checks, review, or administrative holds based upon national security concerns.

---

[5] https://egov.uscis.gov/processing-times/ (last visited March 3, 2026).
[6] https://eb5visainvestments.com/2025/05/15/uscis-releases-i-526e-filing-data-through-january-2025-with-5-10-year-urban-backlog-nearing-rural-remains-safest-for-indian-and-chinese-investors/ (last visited March 3, 2026).

Plaintiffs then argue that the Defendants' reliance on *Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 419 (11th Cir. 2009) and *Tetelain v. Jaddou,* no. 23-60742-CIV, 2023 WL 9787562, at *3 (S.D. Fla. Nov. 27, 2023) is misplaced. [DE 25, p.8]. Yet Defendants merely cited to these cases for the general principle that the mandamus act provides no jurisdiction where an action complained of is discretionary or there is no timeframe in which to act. [DE 23, p. 5-6]. Here, the discretionary action is the timeframe under which the Immigration Benefit Applications should be adjudicated and accordingly mandamus jurisdiction cannot be established.

Plaintiffs also do not address the argument that they fail to satisfy another essential element to a mandamus action, which is that no other adequate remedy is available. *See Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Plaintiffs seek relief under the mandamus act and APA. But "[t]he availability of relief under the Administrative Procedure Act … forecloses a grant of writ of mandamus." *See Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011).

Yet even under the APA, Plaintiffs' action does not survive as there is no statutory or regulatory provision that would provide a "meaningful standard" to review how long it should take to adjudicate the Immigration Benefit Applications at issue. Because there is no statute or regulation providing a timeframe for completion of the adjudication process (as it relates to the pending Forms I-526, I-485, I-765 and I-131), there is no standard against which the Court can measure whether the agency has acted "within a reasonable time" or "unreasonably delayed adjudication." 5 U.S.C. § 555(b); 5 U.S.C. § 706(1).

Defendants maintain that standing is a threshold jurisdictional question and Plaintiff, Fuenmayor Perozo as principal petitioner lacks standing where the Court cannot redress his alleged injury. The current hold on adjudications is a discretionary agency action, and as such the Court

5

lacks jurisdiction to compel USCIS to act under these circumstances. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

The duration of the USCIS hold to date is well within what is considered a reasonable timeframe to adjudicate the principal petition (I-526E) as discussed above. Therefore, Plaintiffs cannot plausibly argue that there is any reliance interest specific to them that Defendants failed to consider as a result of the USCIS hold. Again, on the face of the Policy Memoranda, the hold is not indefinite although Petitioner continuously states otherwise. *See* [DE 23-1, PM-602-0192; DE 23-3, PM-602-0194].

While Plaintiffs state the hold violates the Immigration and National Act ("INA") and the Equal Protection component of the Fifth Amendment by discriminating based on national origin, the Court should dismiss these claims. [DE 25, p. 16]. In Defendants' Motion to Dismiss, the case of *Trump v. Hawaii*, 585 U.S. 667 (2018) is discussed with respect to the authority vested in the political branches, however, it should be noted that case involved an entry restriction being upheld although alleged to be based on religion because of a "legitimate grounding in national security concerns." *Id.* at 705. So too, here the rationale for the hold is national security as evidenced by the subject Policy Memoranda and Presidential Proclamations.

In sum, the management of the immigration system and protection of national security are committed to the political branches, not the judiciary. *See Mathews v. Diaz*, 426 U.S. 67, 81–82 (1976); *Dep't of State v. Munoz*, 602 U.S. 899, 911 (2024); *Orlov v. Howard*, 523 F. Supp. 2d 30, 36 (D.D.C. 2007); *Beshir v. Holder*, 10 F.Supp.3d 165, 173 (D.D.C. 2014) ("the plain language of the relevant federal statutes, the absence of a congressionally mandated timeline, and the national security considerations implicated by the adjudication process all support the conclusion that the pace of adjudicating Beshir's adjustment application is discretionary"). Therefore, the President's

6

authority to suspend and impose restrictions on the entry of aliens pursuant to 8 U.S.C. § 1182(f) and delegate the implementation of this directive to agencies like USCIS is neither unlawful nor does it require notice-and-comment under the APA.

### III.   CONCLUSION

Based upon the foregoing, Plaintiffs' Amended Complaint [DE 17] must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that their Motion to Dismiss be granted as well as any other relief deemed just and proper.

Dated: March 3, 2026                                              Respectfully submitted,

                                                               **JASON A. REDING QUIÑONES**
                                                               **UNITED STATES ATTORNEY**

By:   */s/ Jeanette M. Lugo*
      Jeanette M. Lugo, Esq.
      Assistant U.S. Attorney
      Florida Bar No. 122060
      Email: Jeanette.Bernard@usdoj.gov
      United States Attorney's Office
      101 South U.S. 1, Suite 3100
      Fort Pierce, Florida 34950
      Telephone: 772-293-0352
      Facsimile:  772-466-1020